No. 47,323

State of Kansas, *Appellee*, v. Alfred Salters, *Appellant*.

(522 P. 2d 436)

Opinion filed May 11, 1974.

*John B. Markham*, of Parsons, was on the brief for the appellant.

*Vern Miller*, attorney general, *Daniel L. Brewster*, county attorney, Parsons, and *David Scott*, assistant county attorney, Oswego, were on the brief for appellee.

*Per Curiam:* Alfred Salters was convicted of unlawful possession of marijuana, and he has appealed. The complaint filed January 9, 1973, charged the appellant with unlawful possession of marijuana in violation of K. S. A. 65-2502 and K. S. A. 65-2519 (*b*). However, the statutes cited in the complaint were repealed July 1, 1972. (L. 1972, Ch. 234, § 41.) The appellant's motion to dismiss was overruled and he now contends the action should have been dismissed.

Although the wrong statutes were cited in the complaint, the appellant was fully apprised of the charge against him. At the time the complaint was filed, the possession of marijuana was prohibited by K. S. A. 65-4125 (since repealed [L. 1973, Ch. 259, § 5]) now K. S. A. 1973 Supp. 65-4127b.)

K. S. A. 65-2502 and K. S. A. 1971 Supp. 65-2519 (*b*) provided that unlawful possession of marijuana was a class A misdemeanor. K. S. A. 65-4125 (*a*), the statute in effect when the complaint was filed, provided that unlawful possession of marijuana was a class A misdemeanor or upon a second or subsequent conviction, a felony. The present statute, K. S. A. 1973 Supp. 65-4127 (*b*) (3), provides that the unlawful possession of marijuana is a class A misdemeanor except upon a second or subsequent conviction it becomes a class D felony.

K. S. A. 1973 Supp. 22-3201 (2) provides, in part:

". . . The complaint, information or indictment shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the complaint,

information or indictment or for reversal of the conviction if the error or omission did not prejudice the defendant."

The complaint sufficiently informed the appellant he was charged with unlawful possession of marijuana. The mistake of citing a repealed statute was brought to the attention of the court and the county attorney before trial, and the error could have been corrected, but it is apparent that no prejudice resulted to the defendant from failure to do so. Reference to a repealed statute amounts to the same thing as "omission" of reference to any statute, in view of the circumstances of this case. The crime charged was the same under the new statute as under the old; hence, appellant was not misled.

Complaint is made also of a reference by the county attorney in his opening statement to the effect that the case was on appeal from a county court conviction. On objection, the district court instructed the county attorney to "stay on the issues," and appellant's motion for a mistrial was denied. There was no request by the appellant for an instruction informing the jury to disregard the statement, and none was given. There is no showing the appellant was prejudiced by the statement. We find no reversible error.

The judgment of the court below is affirmed.